UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HSK LLC, d.b.a. ZEROREZ,<br><br>     Plaintiff,<br><br>vs.<br><br>United States Olympic Committee,<br><br>     Defendant. | **Court File No.**_____<br><br><br>**COMPLAINT** |

  Plaintiff HSK LLC, for its Complaint against Defendant United States Olympic Committee, states and alleges as follows:

## PARTIES

  1. Plaintiff HSK LLC, d.b.a. ZEROREZ (hereinafter "Zerorez"), is a Minnesota limited liability company with a principal place of business at 5310 West 23rd Street, Suite #100, St. Louis Park, Minnesota 55416.

  2. Defendant United States Olympic Committee (hereinafter "USOC"), is a federally-chartered corporation with a principal place of business at One Olympic Plaza, Colorado Springs, Colorado 80909.

## JURISDICTION AND VENUE

  3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action arises under the Constitution and laws of the United States.

4. This Court has jurisdiction and venue is proper under 28 U.S.C. § 2201, because this case is an actual controversy within the jurisdiction of this District. Venue is also appropriate under 28 U.S.C. § 1391, because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## GENERAL ALLEGATIONS

5. This Complaint involves a small business seeking to ascertain its rights regarding discussion of the Olympics on social media.

6. Since at least 2014, Zerorez has engaged in casual conversation with the public using its social media pages.

7. Zerorez communicates on Twitter at https://twitter.com/ZerorezMinn.

8. Zerorez communicates on Facebook at https://www.facebook.com/ZerorezMN/.

9. These conversations cover a wide variety of topics of interest to the public, including community events, holidays, sports, cleaning tips, humor, pets, and more.

10. Zerorez anticipated discussing the Olympics on its social media accounts.

11. By way of example, Zerorez contemplated the following social media posts:

    a. Congrats to the 11 Minnesotans competing in 10 different sports at the Rio 2016 Olympics! #rioready;

    b. Are any Minnesotans heading to #Rio to watch the #Olympics? #RoadToRio;

      c.      There is no substitute for hard work. -Thomas Edison #TeamUSA is a great example of hard work paying off;

      d.      Let the rumble in Rio begin! From badminton to BMX, Minnesotan Olympians are at the #Rio2016 Olympics. Go #TeamUSA!;

      e.      St. Cloud native Alise Post is an #Olympian competing in the #Olympic BMX events today. Follow her at @alisepost11; and

      f.      Good luck to our 11 Minnesota Olympians competing in #RIO2016.

12.    Through its U.S. Olympic and Paralympic Brand Usage Guidelines (hereinafter "Policies"), the USOC issued a clear threat to businesses, including Zerorez, who would consider posting about the Olympics on social media.

13.    The following are excerpts from the Policies:

      a.      "The USOC . . . owns many federal trademark registrations of word marks including, but not limited to: Olympic, Olympian, Team USA, Future Olympian, Gateway To Gold, Go For The Gold, Going For The Gold, Let The Games Begin, . . . Road To Rio [and] . . . RIO 2016."

      b.      "How does the USOC protect its intellectual property? Federal law . . . allows the USOC to file a lawsuit against any entity using USOC trademarks, imagery or terminology for commercial purposes without express written consent. The USOC is committed to protect its intellectual property rights . . . ."

3

  c. ". . . commercial entities may not post about the Games on their corporate social media accounts. This includes the use of USOC trademarks in hashtags such as #RIO2016 or #TeamUSA."

  d. ". . . any use of USOC trademarks on a non-media company's website or social media site is viewed as commercial in nature and consequently is prohibited . . . ."

  e. "Do not use any USOC trademarks in any form of advertising (e.g., on a website, in social media, etc.) . . . ."

  f. "Do not create social media posts that are Olympic themed, that feature Olympic trademarks, that contain Games imagery or congratulate Olympic performance unless you are an official sponsor . . . ."

  g. "… companies must avoid using Olympic and Paralympic athletes in advertisements or even wishing them good luck on social media . . . ."

14. Beginning on or about July 21, 2016, media outlets such as ESPN and The Guardian began reporting that the USOC, through its chief marketing officer, was threatening businesses who were not official sponsors of the Olympics.

15. Upon information and belief, written communications from the USOC to one or more businesses claimed:

> [C]ommercial entities that are not Team USA sponsors should not be posting about the Trials or Games on their corporate social media accounts. This restriction includes posting photos from the Olympic Trials and the use of Olympic trademarks in hashtags such as #RIO2016 or #TeamUSA.
>  The USOC recognizes that the nature of social media encourages participants to talk about current events and hot topics.

4

> But unless a company or organization's primary business is disseminating news and information, the company's social media platforms (e.g., Facebook, Twitter, SnapChat, Instagram, etc.) are commercial in nature, serving to promote the company or brand; to raise the brand's profile and public opinion about the company or organization; and/or to increase sales, membership or donations. Thus, any use of Olympic or Paralympic trademarks or terminology by a non-media company – whether in traditional advertising, on its website, or through social media – is considered commercial and is prohibited without the USOC's permission.
>
> * * * *
>
> [U]nless you are a news agency or an official USOC partner, I would ask that you refrain from posting about the U.S. Olympic Team Trials or the Rio 2016 Olympic Games from your corporate social media accounts. Instead, we encourage you to show your support for the U.S. Olympic and Paralympic Teams by following Team USA on social media and posting about the Team and the Games from your individual or personal social media accounts. Thank you in advance for your support.

16. The USOC has a track record of commencing litigation against businesses it claims have infringed the USOC's trademarks and legal rights.

17. USOC's conduct, as described in paragraphs 14-16, are referred to collectively as "USOC's Actions."

18. Zerorez will not be discussing the Olympics on social media.

19. But for the USOC's Actions, Policies, and threats, Zerorez would exercise its First Amendment rights by discussing the Olympics on social media.

20. The USOC's Actions, Policies, and threats, have had the effect of chilling, silencing, and censoring Zerorez's speech about the Olympics on social media.

21. The USOC's Actions, Policies, and threats violate the First and Fourteenth Amendments to the United States Constitution by preventing Zerorez from discussing the Olympics on social media.

5

22. This dispute is definite and concrete, touching the legal relations of Zerorez and the USOC, which have adverse legal interests.

23. Instead of posting about the Olympics on social media in a manner the USOC has declared is unlawful, Zerorez has filed this action to request the Court declare its right to proceed with such communications.

24. Zerorez needs direction from the Court before discussing the Olympics on social media to afford Zerorez relief from uncertainty or insecurity.

25. This action is relevant to the 2016 Summer Olympics as well as subsequent Olympic events, including the Winter Olympics and Paralympics.

26. The USOC has standard trademark rights under the Lanham Act (15 U.S.C. ch. 22) and other legal rights under the Ted Stevens Olympic and Amateur Sports Act (36 U.S. Code § 220506).

## Action for Declaratory Judgment

27. Under 28 U.S.C. § 2201 and Minn. Stat. ch 555 (Uniform Declaratory Judgments Act), Zerorez seeks a declaratory judgment regarding its rights to discuss the Olympics in social media and other online forms of public discourse as follows:

   a. The examples of social media posts in paragraph 11 do not violate the Ted Stevens Olympic and Amateur Sports Act nor the trademark rights of the USOC;

   b. Businesses, including those that are not official Olympic sponsors, are not entirely precluded from engaging in conversation about the Olympics, Olympic results, and Olympic athletes on social media;

c. It is possible for businesses, including those that are not official Olympic sponsors, to mention the Olympics, Olympic results, and Olympic athletes on social media without violating the legal rights of the U.S. Olympic Committee;

d. The U.S. Olympic Committee exaggerated the strength of its legal rights by claiming "commercial entities may not post about the Games on their corporate social media accounts;"

e. The U.S. Olympic Committee exaggerated the strength of its legal rights by claiming businesses categorically cannot use its trademarked words and phrases, such as Olympic, Olympian, and Team USA, on social media and websites;

f. The U.S. Olympic Committee exaggerated the strength of its legal rights by claiming businesses may not wish good luck to Olympic athletes on social media;

g. The mere mention of the Olympics, Olympic results, and Olympic athletes, by a business not sponsoring the Olympics, is not necessarily a violation of rights of the U.S. Olympic Committee;

h. The USOC's trademark rights in hashtags such as #TeamUSA, #Olympics, and #Rio2016, do not categorically prohibit businesses from using those hashtags to accurately reference these Olympic topics;

i. The USOC has misrepresented and exaggerated the authority granted to it under the Ted Stevens Olympic and Amateur Sports Act;

7

      j.      If the Ted Stevens Olympic and Amateur Sports Act were interpreted so broadly as to prohibit all businesses from non-commercial speech regarding the Olympics, the Act would be unconstitutional because it would restrict First Amendment rights;

      k.      The USOC violated fundamental Constitutional rights as set forth in this Complaint;

      l.      Speech is not commercial in nature merely because it is on a business's social media account; and

      m.      A statement about the Olympics on social media, that does not propose a commercial transaction and reference a specific product or service, is not commercial speech and does not violate the USOC's rights.

## Speedy Hearing Request

28.    Zerorez requests a speedy hearing, as governed by Rule 57 of the Federal Rules of Civil Procedure, because the 2016 Summer Olympics are scheduled for August 5 to August 21.

**WHEREFORE**, Plaintiff respectfully requests an Order and Judgment against Defendant as follows:

1. Issuing a declaratory judgment as requested in paragraph 27 of this Complaint;

2. Awarding Plaintiff its reasonable attorney's fees, costs, and expenses in bringing this action; and

3. Granting Plaintiff such other and further relief that the Court deems just and equitable.

Dated: August 4, 2016        **JUX LAW FIRM**

/s/ Aaron D. Hall
_____
Aaron D. Hall (# 0387727)
901 Marquette Avenue, Suite 1675
Minneapolis, MN 55402
(612) 466-0040 Direct
(612) 466-0010 Main
(612) 437-4500 Fax

**ATTORNEY FOR PLAINTIFF**